IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KARL J. STABEN,

                         Plaintiff,                      OPINION AND ORDER

v.

                                                      08-cv-56-slc

GENERAL MOTORS CORPORATION,

                         Defendant.

---

      Defendant General Motors Corporation has moved for summary judgment in this case brought by plaintiff Karl Staben under the Age Discrimination in Employment Act. Dkt. #24. The first question presented by defendant's motion relates to the scope of plaintiff's discrimination claim. In its motion, defendant identifies three decisions alleged as discriminatory in plaintiff's complaint: (1) demoting him from supervisor to inventory clerk; (2) refusing to consider him for a new supervisor position after his transfer to Wisconsin; and (3) terminating him. Unfortunately, in his brief, plaintiff never identifies expressly which of these theories he continues to assert. Although defendant develops arguments regarding each decision, plaintiff simply titles the argument section of his brief as "The Record as a Whole Supports the Reasonable Conclusion that GM Discriminated Against Staben on the Basis of His Age." Dkt. # 37, at 11. In fact, plaintiff criticizes defendant for "parsing" its decisions rather than viewing the facts "as a whole." *Id.* at 1.

      Plaintiff's view makes no sense. Any claim for discrimination is tied necessarily to a particular discriminatory decision. If a plaintiff does not identify a particular adverse employment action or actions motivated by discriminatory animus, there is no way he can show that he suffered compensable harm under the ADEA. Thus, a claim that an employer discriminated "generally" or "on the whole" is nothing but a concession that the plaintiff cannot

prove the employer engaged in discrimination in any particular instance.

Although plaintiff does not structure his brief to address any particular decision, the only issue for which he develops an argument is whether defendant refused to consider him for a production supervisor position because of his age. He mentions the other decisions in passing only. Accordingly, I conclude that plaintiff has waived any claim in his complaint except the failure to hire him as a supervisor. *Pond v. Michelin North America, Inc.*, 183 F.3d 592, 597 (7th Cir. 1999) ("arguments raised in a conclusory or underdeveloped manner" are "waived").

Plaintiff's failure to hire claim falls on the merits. Defendant identifies a nondiscriminatory reason for not choosing plaintiff for the supervisor position: he did not have any college education. Although plaintiff believes that defendant's reason is a pretext for age discrimination, he has failed to point to any evidence to support that belief. Accordingly, defendant's motion for summary judgment must be granted.

From the parties' proposed findings of fact and the record, I find that the following facts are undisputed.

UNDISPUTED FACTS

Plaintiff Karl Staben was born on January 31, 1955. In June 2002, defendant General Motors Corporation hired plaintiff as a temporary employee at a parts warehouse in Edina, Minnesota; this position lasted through August 2002. When plaintiff spoke with the facility's personnel director about staying on, she gave plaintiff the telephone number for Aerotek, an outside employment staffing agency with which defendant contracts. In September 2002,

Aerotek hired plaintiff as a contract supervisor at the Edina facility; in October 2004, plaintiff was transferred to a facility in Hudson, Wisconsin, where he was assigned a position as an inventory control clerk. While at the Hudson facility, plaintiff remained under the employment of Aerotek.

In June 2005, defendant posted a job opening for a production supervisor. According to the posting, applicants were required to be a "high school graduate or [have] equivalent training, plus additional training such as that acquired in the first six months of business or technical school." During a "corporate-level" meeting, Timothy O'Neil, the Hudson plant manager, was asked to suggest candidates for the position. O'Neil was "in his fifties" at the time.

O'Neil had "no reason to believe that [plaintiff] was not capable of being a supervisor." However, he nominated two other contract employees, Bobby Ahrens and Bryant Hardy, to take assessment tests for regular employment with defendant so that they could apply for the supervisor position. Both were 26 years old at the time and both had worked as contract supervisors at the Edina facility. In addition, they both had a college degree, as did all of the salaried supervisors working for defendant in August 2005.

Plaintiff is a high school graduate, but he does not have a college degree. He had completed "numerous" training programs provided by defendant and had received "Certificates of Recognition" for exemplary performance. In the summer of 2005, plaintiff was making $20.50 an hour, the same as Ahrens; Hardy was making $16.75 an hour. O'Neil did not ask plaintiff whether he had technical education beyond high school.

Plaintiff told his supervisor, Andy Mates, that he did not believe it was fair that he was

3

being passed over for this opportunity in favor of younger employees. Mates told plaintiff that defendant had a "pattern" of "hir[ing] the younger guys" and that he believed that "there seems like there's age discrimination going on here."

Ahrens applied for and received the supervisor position. The personnel director told plaintiff that defendant did not hire plaintiff because he did not have a college degree.

In August 2005 defendant terminated plaintiff's contract assignment. In October 2005, plaintiff filed a charge with the Equal Employment Opportunities Commission, in which he wrote, "I believe that I have been discriminated against in that I was demoted due to my age (01-31-1955), and discharged due to my age, and in retaliation for my expressed opposition to a discriminatory practice, in violation of the Age Discrimination in Employment Act of 1967, as amended." In defendant's "position statement" submitted to the Equal Employment Opportunities Commission, defendant wrote that plaintiff was "demoted and subsequently terminated for legitimate business reasons."

In April 2008, defendant hired Monica Johnson (now Monica Braun) as a production supervisor. At the time, Johnson was under 30 years old, had no experience as a contract supervisor and did not have a college degree. However, she was in school at the time and had completed approximately 50 to 60 percent of the necessary courses for a bachelor's degree. As of September 2008, O'Neil did not know whether Johnson had obtained a college degree.

OPINION

Because plaintiff concedes that he has no direct evidence of age discrimination, the

4

question in this case boils down to whether plaintiff can show through circumstantial evidence that defendant's reason for not considering him for a supervisory position is a pretext for discrimination. *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 641 (7th Cir. 2008). Specifically, the question is whether he has adduced enough evidence to permit a reasonable jury to find that defendant is lying when it says it believed plaintiff was not qualified because he did not have a college degree and was not pursuing one. *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 419 (7th Cir. 2006) ("A pretext . . . is a deliberate false-hood.")

Plaintiff attempts to undermine defendant's explanation a number of ways, but none is persuasive. First, he points out that a college degree was not listed as "an absolute prerequisite" on the posting for the supervisor position. Of course, anti-discrimination law does not require an employer to limit its consideration for a position to the minimum requirements. If it did, nearly every hiring decision would be subject to challenge. Further, a preference for candidates who have finished college or are in the process of doing so is hardly surprising or unusual for a managerial position. Even if it were out of the ordinary, it matters only whether defendant honestly believed that having a college education was important. *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 824 (7th Cir. 2006). A conclusion that defendant held such a belief is supported strongly by the fact that *all* of the supervisors at the Hudson facility had college degrees at the time defendant was looking to hire a new one, a point that plaintiff fails to address in his brief.

Plaintiff points to defendant's promotion of one person to a supervisory position in April 2008 before she finished her degree, but this cannot carry the day for plaintiff. A distinction

5

between those pursuing a college degree and those with no higher education aspirations is not so unreasonable that it would permit a jury to infer that defendant is fabricating its reliance on this qualification to hide an age bias. *E.g., Firestine v. Parkview Health System, Inc.*, 388 F.3d 229, 236 (7th Cir. 2004) (finding of pretext supported when defendant's reason is "objectively unreasonable").

Second, plaintiff says that defendant's reason is called into question because defendant did not identify plaintiff's lack of education as a reason he was not promoted in its "position statement" for the EEOC. This argument is a weak one—and more than a little disingenuous. Plaintiff is correct that a finding of pretext maybe supported by an employer's inconsistent reasons for its decision. *Id.* Similarly, when an employer identifies a nondiscriminatory explanation for the first time during litigation, this "raises a genuine issue of material fact as to whether this justification is a later fabrication on Defendant's part." *Fischer v. Avanade, Inc.*, 519 F.3d 393, 407 (7th Cir. 2008). However, plaintiff concedes that defendant told him from the beginning that it was his lack of college education that prevented him from being considered. The omission of this reason from defendant's "position statement" is hardly surprising because the document plaintiff cites does not include *any* discussion of the failure to hire plaintiff for the supervisor position. Rather, it was limited to the issues that plaintiff raised in his charge: whether defendant discriminated against him because of his age when it transferred him to the Hudson facility and when it terminated his contract. Failing to address an issue not raised cannot be considered evidence of pretext.

Third, plaintiff says that he was more qualified than the two employees O'Neil

6

nominated for promotion, Ahrens and Hardy. Superior qualifications may be evidence of discrimination only when "those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." *Mlynczak v. Bodman*, 442 F.3d 1050, 1059 (7th Cir. 2006). Plaintiff cannot meet this standard. To begin with, it is undisputed that the nominated employees had a college degree, the qualification that defendant says excluded plaintiff from the running. Thus, O'Neil's deposition statement that he had "no reason to believe that [plaintiff] was not capable of being a supervisor" is beside the point. The question is not just whether O'Neil believed plaintiff was "capable" but whether plaintiff had the qualifications O'Neil believed plaintiff needed to have. Plaintiff believes that his other qualifications make up for his lack of education, but that is not his call to make. *Ost v. W. Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 441 (7th Cir. 1996) ("[A] plaintiff's own opinions about her work performance or qualifications do not sufficiently cast doubt on the legitimacy of her employer's proffered reasons for its employment actions."). In any event, plaintiff fails to adduce enough evidence about his qualifications relative to Ahrens and Hardy to enable the court to make a meaningful comparison. Plaintiff says only that he received a higher hourly wage than Hardy, but this is far from sufficient to show plaintiff "was clearly better qualified for the position at issue."

Finally, in his proposed findings of fact, plaintiff cites a statement from his supervisor that he believed defendant had a "pattern" of "hir[ing] the younger guys" and that "there seems like there's age discrimination going on here." By failing to discuss this statement in his brief, plaintiff has waived any reliance on it. However, even if plaintiff had not waived the issue, his

7

supervisor's unsubstantiated beliefs are no more probative of discrimination than plaintiff's. It is plaintiff's burden to set forth "specific facts" in support of his position. Fed. R. Civ. P. 56(e)(2). A vague conclusion that defendant had a "pattern" of "hir[ing] younger guys" does not satisfy the requirements of Rule 56. *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir. 2004) (refusing to consider plaintiff's conclusory assertions that African-Americans were treated "more harshly" in that they were given tougher assignments and written up for reasons non-African-Americans were not where plaintiff offered no specific instances of support for his assertions).

## ORDER

It is ORDERED that the motion for summary judgment filed by defendant General Motors Corporation, dkt. #24, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 5th day of March, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

8